MILLS v. McKINLAY.

1. JUSTICES OF THE PEACE—POWER OF JUSTICE TO SET ASIDE JUDGMENT.

Under Act No. 118, Pub. Acts 1919, and the charter of the city of Detroit, giving a justice of the peace power to set aside a verdict and grant a new trial upon cause shown, motion must be made within five days after rendition of the judgment, notice must be given to the adverse party, and the motion submitted and heard within one week after filing same; but no authority of law permits a justice to set aside or vacate a legally rendered and

docketed judgment on his own motion or at his own caprice, even though, after investigation, he conclude he should not have rendered the judgment in the first instance.[1]

2. SAME—MANDAMUS—ENTRIES IN DOCKET CONTROLLING EVEN IF CONTRADICTED BY JUSTICE'S RETURN TO ORDER TO SHOW CAUSE.

In mandamus to compel a justice of the peace to remove from his docket entries vacating a judgment theretofore entered, he may not impeach his own docket which the law compels him to keep, and the entries therein are controlling even if contradicted by his return to the order to show cause.[2]

Certiorari to Wayne; Mandell (Henry A.), J. Submitted January 26, 1926. (Calendar No. 32,204.) Decided March 20, 1926.

Mandamus by James H. Mills to compel John F. McKinlay, justice of the peace of the city of Detroit, to set aside an order vacating a judgment. From an order denying the writ, plaintiff brings certiorari. Reversed, and writ of mandamus granted.

*Hugh M. Edwards*, for appellant.

SNOW, J. March 20, 1925, plaintiff commenced an action of replevin against John Cairns in the justice's court for the city of Detroit. The writ was duly served and the goods and chattels described therein seized. On the return day of the writ, to-wit, March 30th, plaintiff appeared and filed his declaration, and the case was adjourned to April 7th. On the adjourned day plaintiff appeared and took judgment by default, defendant failing to appear. Justice John F. McKinlay found the right of possession of the goods and chattels to be in the plaintiff and rendered a judgment for damages in his favor in the sum of $153.70, and $3 costs.

April 27th, plaintiff filed an affidavit in garnishment.

[1]Justices of the Peace, 35 C. J. § 308; [2]Id., 35 C. J. § 383.

Summons was issued and on May 2d, the return day thereof, plaintiff appeared in court, and, upon cause shown, the case was adjourned to May 5th, on which day the return of the garnishee defendant was filed in writing and summons to show cause was issued. On May 11th, the return day, plaintiff appeared and defendant did not. Judgment against the garnishee defendant in the sum of $156.70, and $3 costs, was thereupon rendered. May 19, 1925, eight days after the garnishment judgment, in response to a request, plaintiff's attorney called at the office of the justice, who told him he wished to see the plaintiff and would set the original case for hearing again for May 21st. On this date, without testimony, and simply upon the request of the attorney for the principal defendant, the justice attempted to void the judgments in both the principal and garnishment proceedings, and attempted to render judgment for plaintiff for the possession of the property, but no judgment for damages as he had previously done.

Plaintiff thereupon filed his petition in the circuit court for the county of Wayne for a mandamus to compel the justice to remove from his docket all entries made subsequent to the date of the original judgments referred to, and to issue an execution in favor of the plaintiff against the principal and garnishee defendants thereon. An order to show cause was issued by the circuit court, and the justice filed his return as follows:

"That before the time of the commencement of the action in garnishment mentioned in the petition for mandamus the records of this court showed that according to the file judgment had been rendered in the replevin case for the return of the goods and $3 costs but no money judgment was indorsed upon the file and that likewise the docket showed at that time that there was no money judgment. This defendant further says that upon his learning of the garnish-

ment action he investigated and found that the entry of the money judgment on the file had been made long after the last hearing upon the cause and that at that time no entry of same had been made in the docket, and that he also learned that the total value of the goods replevined was far less than the alleged judgment for detention and that no further proof being offered he caused the judgment appearing upon the file to be canceled and marked void."

The judgments against the principal defendant in the replevin case and the garnishee defendant in the garnishment proceedings were at some time both entered in the docket of the justice which he is required to keep by law for that purpose. The docket entries establish this and the return of the justice does not deny it. He also returns that he learned (presumably after the trial) that the total value of the goods replevined was far less than the judgment rendered, and that he caused the judgments rendered to be canceled and marked void. The justice was justified in so doing by no provision of law.

Act No. 118, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 3331), and the charter of the city of Detroit gave this justice power and authority to set aside a verdict and grant a new trial upon cause shown. Motion must be made, however, within five days after rendition of the judgment, notice must be given to the adverse party, and the motion submitted and heard within one week after same shall have been filed. No authority of law permits a justice to set aside or vacate a legally rendered and docketed judgment on his own motion or at his own caprice, even though, as in this case, by investigation he concluded he should not have rendered the judgment in the first instance. In a proceeding of this character, a justice of the peace may not impeach his own docket which the law requires him to keep. The entries therein, showing the rendition of the judgments, are controlling,

even if contradicted by his return to the order to show cause.

The plaintiff is entitled to the writ of mandamus, but without costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.